UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANEY McFARLAND,<br><br>        Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., A Delaware<br>Corporation d/b/a THE HOME DEPOT,<br><br>        Defendant. | Case No.:  8:20-cv-03020<br><br><br>**CONFIDENTIALITY STIPULATION<br>AND PROTECTIVE ORDER** |

The discovery sought by the parties in this case is likely to involve production of documents and things containing business, competitive, proprietary, or trade secret, hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information.  Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

**Designation of Confidential Information**

1.        *Designation of Material.*  Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential."  Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material.  Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be

1

subject to the provisions of this Order. For purposes of this Order, a party may only seek Confidential Information status for discovery of any information that a party in good faith believes to be confidential information which is defined as: trade secrets, research that currently falls within trade secret, design, development, operational, financial, technical, marketing, planning, personal, and/or commercial information.

2.      *Subsequent Designation.*  Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3.      *Designation of Depositions.*  Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition.  A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4.      *Modification of Designation.*  The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a)      The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b)      If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation.  The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## Access to Confidential Information

5.      *General Access.*  Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a)      To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b)      To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

3

(c)      To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d)      To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

(e)      To the Court, Court personnel, and jurors for the purposes of trial and pre-trial preparation.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6.    *No Copies/Notes.*  Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7.    *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

### Use of Confidential Information

8.    *Use in this Litigation Only.*  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information

4

is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9.     *Use at Depositions.*  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10.     *Use at Court Hearings and Trial.*  Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.  The presiding judge shall determine how those materials will be handled during a hearing or trial.

11.     *Filing Under Seal.*  Each document filed with the Court that contains any Confidential Information shall be filed pursuant to the current procedures set forth in this Court's Local Rules for electronically filing documents under seal.  Copies of such documents served on counsel for other parties shall be marked as Confidential.   A party filing Confidential Information under seal pursuant to this Protective Order must serve the opposing party with copies of Confidential Information by e-mail or U.S. Mail.

12.     *Reasonable Precautions.*  Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13.    *Return After Litigation.*  Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

<u>**Other Provisions**</u>

14.    *Not an Admission.*  Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15.    *Miscellaneous.*  This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation.  This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

The parties having stipulated and agreed hereto, it is SO ORDERED, this 15th day of June, 2020.

_____
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANEY McFARLAND,<br><br>　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., A Delaware<br>Corporation d/b/a THE HOME DEPOT,<br><br>　　　Defendant. | Case No.:  8:20-cv-03020 |

## EXHIBIT A

### AGREEMENT CONCERNING INFORMATION COVERED BY
### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by _____[PARTY NAME]_____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order.  I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this _____ day of _____, 20____.

_____
Name

_____
Address

_____
Employer

_____
Job Title

7

So stipulated and agreed:

/s/*Francis Younes*                          /s/*Benjamin M. Weston*
Francis Younes                              Benjamin M. Weston (admitted *pro hac vice*)
HIGH & YOUNES                               LEDERER WESTON CRAIG PLC
6919 Dodge Street                           4401 Westown Parkway, Suite 310
Omaha, NE  68132                            West Des Moines, IA  50266
E-mail: frank@hyattorneys.com               E-mail: bweston@lwclawyers.com


*Counsel for Plaintiff*                      Emily R. Motto Bottorf
                                            BAYLOR EVNEN LLP
                                            1248 O Street, Suite 600
                                            Lincoln, NE  68508-1499
                                            E-mail: emotto@baylorevnen.com

                                            *Counsel for Defendant*